IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SAMMY BAGWELL                                               PLAINTIFF

V.                                                          CIVIL ACTION NO.
                                                            3:09-CV-79-SAA

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY                                             DEFENDANT

## FINAL JUDGMENT

After a hearing before the undersigned United States Magistrate Judge, the court remands to the Commissioner of Social Security with instructions to require the Administrative Law Judge to review the evidence *de novo*, taking whatever further evidence regarding the plaintiff's gross and fine motor skills of his right upper extremity and the severity of his back problems is required to determine the plaintiff's eligibility for benefits under the law. Further, if the ALJ determines that Bagwell is not permanently disabled, the ALJ is to consider whether Bagwell is eligible for a closed period of disability.

Before surgery to release his right ulnar nerve, the clinical evidence demonstrated that Bagwell had an abnormal EMG. Tr. 234-35. Bagwell underwent surgery approximately two weeks before the trial and testified that his fingers were no longer numb, but he still had tenderness, soreness and bruising. Tr 274. The ALJ determined that Bagwell's right neuropathy was only a slight abnormality that was not expected to interfere with his ability to work, thus was not a severe impairment under *Stone v. Heckler*, 752 F.2d 1099 (1985). The clinical record, however, is devoid of any assessment of Bagwell's right upper extremity function following the surgery. Thus, there was not substantial evidence to support the ALJ's finding that the right ulnar nerve neuropathy was not severe, and, consequently, no analysis by the ALJ of whether it

met or equaled the requirements of a listed impairment. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02B. Further, if the right ulnar neuropathy affects his gross and fine motor skills or otherwise affects his ability to use his right arm or hand, the ALJ must address the issue of whether the sedentary/unskilled job market is diminished. SSR 83-12.

The plaintiff also argues that the Commissioner improperly discounted the treating physician's medical source statement. Docket #11, p.11. The ALJ specifically discounted the consultative physician's medical source statement and noted that there was no treating physician statement. Tr. 23. The ALJ has a duty to fully develop the facts that are relevant to the determination of eligibility of benefits. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). If the ALJ fails to meet that burden, then he fails to have sufficient facts to support his decision, which means that his decision is not supported by substantial evidence. *Id.* When the adjudicator cannot ascertain the basis for the treating source's opinion from the record, the adjudicator must make "every reasonable effort" to re-contact the source for clarification. SSR 96-5p, *6.

The treating physician did not prepare and submit a medical source statement until after the ALJ's denial of benefits. The medical source statement, however, was submitted to and considered by the Appeals Council. The Appeals Council will review a case if:

>  (1) there appears to he an abuse of discretion by the ALJ;
>  (2) there is an error of law;
>  (3) the ALJ's actions, findings or conclusions of law are not supported by substantial evidence; and
>  (4) there is a broad policy or procedural issue that will affect the general public.

20 C.F.R. §§ 404.970(a), 416.1470(a)(2009).

If new and material evidence was properly presented to and considered by the Appeals

Council, this court must consider that evidence as part of the entire record, even if the Appeals Council denied review. *Rodriguez v. Barnhart,* 252 F.Supp.2d 329, 335 (S.D. Tex., 2003). In this case, the evidence submitted to the Council, including the treating physician's medical source statement, became part of the record for purposes of review by this court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). It is the court's duty to determine whether the Council properly determined that the ALJ's decision was supported by substantial evidence in light of the evidence presented to it.

Before the medical opinion of a treating physician can be rejected, the Commissioner must consider the following factors:

> (1) the physician's length of treatment of the claimant,
> (2) the frequency of physician examinations,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical
>     evidence of the record,
> (5) the consistency of the opinion of the record as a whole; and
> (6) the specialization of the treating physician.

*Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000)(citing to 20 C.F.R. § 404.1527(d)(2)).[1]

The court finds that the ALJ erred in failing to develop the record sufficiently to enable him to base his decision on substantial evidence and that the Appeals Council erred when it failed to address the treating physician's medical source statement that contradicted the ALJ's determination of Bagwell's Residual Functional Capacity. When the ALJ discounted the State Agency medical opinion, and there was no other medical source statement or medical opinion to rely upon, the ALJ had a duty to fully develop the facts relevant to Bagwell's claim of disability. *See Jessee v. Barnhart*, 419 F. Supp.2d 919 (S.D.Tex., 2006). Where the medical evidence is

---

[1] The Appeals Council did not articulate an analysis of the *Newton* factors. Tr. 8-9.

inadequate, the Commissioner has an affirmative duty to seek additional information to reach a decision. 20 C.F.R. §§ 404.1512(e), 416.912(e)(2009). According to Social Security Administration policy, the Commissioner may use any method to contact the medical source and obtain the information, including but not limited to: telephone calls, letters or informal reports. SOCIAL SECURITY LAW & PRACTICE, § 37.23, p.39.

Just as it is error if the ALJ refuses to obtain a complete consultative examination and then denies benefits because the record lacks evidence that the examination would have provided, *id.,* the ALJ was not free – particularly in light of the rather substantial volume of medical records before him – to proclaim that plaintiff failed to meet his burden because, "As for the opinion evidence, . . . .[t]here is no treating physician opinion of record. . . . I have nothing." If he "had nothing," he had the means to procure "something."

Moreover, the ALJ's lay opinions and observations cannot act as substantial evidence when the record contains contrary medical evidence. *Arrigo v. Heckler*, 604 F. F.Supp. 401, 403 (D.C. Pa., 1985). In the absence of supporting medical evidence, an administrative determination that a claimant with an impairment can perform a particular level of work may require a remand for further development of the record and redetermination of benefits. SOCIAL SECURITY LAW & PRACTICE, § 43.14, p.53. In this case, failure to fully develop the necessary facts regarding the plaintiff's limitations means that the ALJ's decision was not based on substantial evidence, and remand is appropriate.

The treating physician's medical source statement constituted new and material evidence concerning Bagwell's physical limitations that was presented to the Appeals Council. This court must therefore determine whether there was substantial evidence to support the Appeals

4

Council's decision to not review his case. The Appeals Council articulated that it had reviewed the treating physician's report, but it failed to discuss the amount of weight it accorded the medical opinion or to address the *Newton* factors. The record demonstrates that the treating physician is a neurosurgeon who saw Bagwell on a regular basis before and after surgery, and his descriptions of Bagwell's limitations contradict the ALJ' conclusions. Without an adequate clinical record to make a disability determination, the ALJ's determination was not based on substantial evidence; consequently the Appeals Council's determination to not review the case, despite the new and material evidence from the treating source physician also was not based upon substantial evidence.

The undersigned remands this case to the Commissioner of Social Security with instructions that the ALJ to review the evidence *de novo*, taking such further evidence as is required to determine the plaintiff's eligibility for benefits under the law.

SO ORDERED, this, the 6th day of May, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE